IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JEFFREY L. HICKS,                   *

    Plaintiff,                   *

vs.                                 *
                                               CASE NO. 3:11-CV-94 (CDL)
BOARD OF REGENTS OF THE *
UNIVERSITY SYSTEM OF GEORGIA
and UNIVERSITY OF GEORGIA,          *

    Defendants.                  *

## O R D E R

Plaintiff Jeffrey Hicks ("Hicks"), who is proceeding *pro se*, asserts wrongful termination and harassment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as well as a slander claim pursuant to Georgia law, against the Board of Regents of the University System of Georgia and the University of Georgia (collectively "Board"). Presently pending before the Court is the Board's Motion to Dismiss in Lieu of Answer (ECF No. 9). For the following reasons, the Court grants the Board's motion as to Hicks's slander claim. The Court finds that Hicks's Complaint fails to state a claim for relief as to his Title VII claims, but the Court grants Hicks leave to file an amended complaint as to his Title VII claims.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

PLAINTIFF'S ALLEGATIONS

Hicks's Complaint contains the following allegations. According to the Complaint, the Board wrongfully terminated Hicks's employment, subjected him to harassment, and slandered and defamed his character. Compl. ¶ 4, ECF No. 1. Hicks claims that the Board discriminated against him because of his race. *Id.* ¶ 6. Hicks names Ralph Johnson, Tim Burgess and Michael Adams—who are all white—as the individuals who discriminated against him during his employment. *Id.* ¶ 7. The alleged discrimination occurred on August 18, 2008. *Id.* ¶ 8. Hicks asserts that Johnson, Burgess, and Adams did not give him the same treatment as other employees "on several occasions." *Id.* ¶ 9. Hicks filed a charge of discrimination with the Equal Employment Opportunity Commission in October 2008 and received his Notice of Right to Sue letter on April 22, 2011. *Id.* ¶ 11.

DISCUSSION

**I.   Hicks's Title VII Claims**

　　A.   Failure to State a Claim

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To establish a violation of Title VII, a plaintiff must demonstrate that his employer

3

discriminated against him because of his race. For Hicks's Complaint to withstand the Board's motion, it must contain sufficient factual allegations from which the Court can reasonably conclude that he has a plausible claim for relief. *E.g., Twombly*, 550 U.S. at 570.

The Court finds that Hicks has failed to state a claim under Title VII. His Complaint contains the conclusory assertions that the Board wrongfully terminated him, harassed him and discriminated against him because of his race. A plaintiff, however, must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949. Beyond those legal conclusions, Hicks alleges that the individuals named in his Complaint did not give him the same treatment as other employees on several occasions. Compl. ¶ 9. This allegation simply attempts to recite an aspect of Hicks's prima facie case for race discrimination without further factual support, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, assuming the named individuals treated other employees differently, this allegation does not allow the Court to reasonably conclude that Hicks has a plausible claim for race discrimination because he does not allege that the other employees were outside of his protected class. Hicks's Complaint contains no factual

allegations to support his harassment claim. Thus, the Court concludes Hicks's Complaint fails to state a claim for wrongful termination and harassment under Title VII.[1]

### B. Leave to Amend

Although the Court concludes that Hicks's Complaint fails to state a claim under Title VII, Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Accordingly, the Court grants Hicks leave to amend his wrongful termination and harassment claims to cure the deficiencies in the Complaint. Hicks's amended complaint should comply with Federal Rule of Civil Procedure 8(a)(2), which provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Hicks's amended complaint must provide sufficient factual allegations describing the manner in which

---

[1] Any potential claim by Hicks under 42 U.S.C. § 1981 ("§ 1981") would be insufficient for the same reasons. *See Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843 n.11 (11th Cir. 2000) (noting that the elements of a § 1981 claim are the same as a Title VII claim).

Hicks contends the Board discriminated against him.  If Hicks fails to file an amended complaint on or before January 9, 2012, this action will be dismissed in its entirety.

**II.  Hicks's Slander Claim**

Hicks also claims that the Board is liable for "slander/defamation."  Compl. ¶ 4.  Hicks's Complaint provides no facts to support this legal conclusion, and the Court finds this allegation insufficient to state a plausible claim for relief.  Further, Hicks's slander claim is subject to dismissal because the Board, as an arm of the state, is entitled to immunity under the Eleventh Amendment to the U.S. Constitution for this claim.  *See Williams v. Bd. of Regents of the Univ. Sys. of Ga*., 477 F.3d 1282, 1301 (11th Cir. 2007) (considering the Board of Regents and the University of Georgia to be state entities for Eleventh Amendment purposes).  "Under most circumstances, the Eleventh Amendment bars suits against states and state entities by their citizens."  *Id.*  Though a party may sue the state if the state has waived its immunity, *id.*, Georgia has not waived its immunity for tort suits brought in federal court, *see* O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States.").  Moreover, Georgia expressly retained its immunity for slander claims.  O.C.G.A. § 50-21-24(7) ("The state shall have no liability for losses resulting from . . . libel

6

[or] slander"). Thus, the Court grants the Board's Motion to Dismiss Hicks's "slander/defamation" claim. The Court declines to grant Hicks leave to amend his slander claim because amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) ("A district court need not, however, allow an amendment . . . where amendment would be futile.").

## CONCLUSION

Hicks's slander claim against the Board is barred by the Eleventh Amendment, and the Court grants the Board's Motion to Dismiss (ECF No. 9) that claim. The Court finds that Hicks's Complaint fails to state a claim for relief under Title VII, but the Court grants Hicks leave to amend the Complaint as to his Title VII wrongful termination and harassment claims. Hicks shall file an amended complaint on or before January 9, 2012. Failure to file an amended complaint on or before January 9, 2012 will result in the dismissal of the Complaint in its entirety.

IT IS SO ORDERED, this 16th day of December, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
