IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JEFFREY L. HICKS,                    *

    Plaintiff,                      *

vs.                                  *

                                CASE NO. 3:11-cv-94 (CDL)

BOARD   OF   REGENTS   OF   THE *
UNIVERSITY  SYSTEM  OF  GEORGIA
and UNIVERSITY OF GEORGIA,        *

    Defendants.                      *

_____

O R D E R

Federal   law   generally   prohibits   employers   from
discriminating against their employees based on race.  Plaintiff
Jeffrey   Hicks   ("Hicks")   alleges   in   this   action   that   his
employer, the University of Georgia, discriminated against him
by  demoting  him  and  subsequently  terminating  his  employment,
thereby violating Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e *et seq.*  The Court makes no determination in this
Order as to whether those allegations have merit.  Instead, the
Court  focuses  on  the  legal  prerequisites  for  bringing  a  federal
claim for unlawful discrimination.  To prevail on such a claim,
the  employee  must  do  more  than  prove  that  he  has  been
discriminated against.  When the employer raises the employee's
failure to exhaust his administrative remedies as a defense, the
employee  must  demonstrate  that  he  has  filed  a  timely  and

adequate charge of discrimination with the Equal Employment
Opportunity Commission ("EEOC") prior to filing suit.  Because
the undisputed evidence here establishes that Hicks failed to
file a timely charge, his employer is entitled to summary
judgment.  Accordingly, the Court grants Defendant Board of
Regents of the University System of Georgia's ("Board of
Regents") motion for summary judgment as to Hicks's Title VII
claims (ECF No. 23).[1]  The Court also declines to exercise
supplemental jurisdiction over Hicks's state law claims, and
those claims are dismissed without prejudice.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R.
Civ. P. 56(a).  In determining whether a *genuine* dispute of
*material* fact exists to defeat a motion for summary judgment,
the evidence is viewed in the light most favorable to the party
opposing summary judgment, drawing all justifiable inferences in
the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant
or necessary to the outcome of the suit.  *Id.* at 248.  A factual

---

[1] Although Plaintiff sued both the Board of Regents and the University
of Georgia, it is clear that the University of Georgia is not a proper
defendant, and therefore, the claim against the University of Georgia
must be dismissed.  *See McCafferty v. Med. Coll. of Ga.*, 249 Ga. 62,
68, 287 S.E.2d 171, 176 (1982), *overruled on other grounds by Self v.
City of Atlanta*, 259 Ga. 78, 377 S.E.2d 674 (1989).

dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

The relevant record viewed in the light most favorable to Hicks reveals the following.

Hicks, a black male, began working as a utility worker at the University of Georgia in August 2003.  After being promoted to equipment operator in February 2005, he was demoted to utility worker on November 30, 2006.  Defs.' Mot. for Summ. J. App. Ex. 8, Letter from S. Whitmore to J. Hicks (Nov. 27, 2006), ECF No. 23-11.  During August 2008, Rod Platt, the manager of the Support Services Department of the Physical Plant Division, decided to terminate Hicks's employment based on performance and attendance issues, which Hicks disputed.  Hicks was notified of his termination on August 26, 2008.  Defs.' Mot. for Summ. J. App. Ex. 16, Letter from R. Platt to J. Hicks (Aug. 26, 2008), ECF No. 23-19.

Over the next few months, Hicks appealed Platt's decision within the University of Georgia through the university's internal appeal procedures.  After the termination decision was upheld by two of Hicks's supervisors, Hicks then requested and received a hearing before a disciplinary review committee. Defs.' Mot. for Summ. J. App. Ex. 17, Letter from D. Fisher to J. Hicks (Sept. 2, 2008), ECF No. 23-20; Defs.' Mot. for Summ.

J. App. Ex. 18, Letter from R.F. Johnson to J. Hicks (Sept. 8, 2008), ECF No. 23-21.   The review committee recommended that Hicks not be terminated.   In accordance with the review policy, the President of the University of Georgia, Michael Adams, had the responsibility to review the committee's recommendation and make the ultimate decision on Hicks's appeal.   President Adams declined to follow the committee's recommendation and upheld the termination of Hicks's employment.   Defs.' Mot. for Summ. J. App. Ex. 19, Letter from M. Adams to J. Hicks (Nov. 7, 2008), ECF No. 23-22.   Hicks next appealed his termination to the Board of Regents, and on February 10, 2009, the Board of Regents upheld the termination of Hicks's employment.   Defs.' Mot. for Summ. J. App. Ex. 20, Letter from J. Newsome to J. Hicks (Feb. 11, 2009), ECF No. 23-23.

Hicks initiated contact with the EEOC sometime during the previously described internal appeal process.   Defs.' Mot. for Summ. J. App. Ex. 4, Hicks Dep. 125:8-126:6, 138:18-139:24, ECF No. 23-7.   On September 3, 2009, Hicks signed his EEOC Charge of Discrimination, stating that he was discriminated against based on his race and color from June 3 to August 26, 2008.   Defs.' Mot. for Summ. J. App. Ex. 21, EEOC Charge of Discrimination, ECF No. 23-24.   The EEOC received Hicks's charge on September 10, 2009.   *Id.*   The EEOC, without making a determination as to a Title VII violation, issued Hicks a right-to-sue letter on April

4

20, 2011.  Defs.' Mot. for Summ. J. App. Ex. 22, EEOC Dismissal & Notice of Rights, ECF No. 23-25.

Hicks, who is proceeding *pro se*, subsequently filed this action.  After the Board of Regents moved to dismiss Hicks's Complaint, the Court granted Hicks an opportunity to amend his Complaint.  12/16/2011 Order, ECF No. 10.  Hicks filed an Amended Complaint asserting discrimination claims under Title VII based on his demotion and termination as well as state law claims for wrongful termination and discrimination.  Am. Compl. 1-2, ECF No. 11.  Presently pending before the Court is the Board of Regents's Motion for Summary Judgment (ECF No. 23).

## DISCUSSION

The Board of Regents argues that Hicks's federal claims are barred because Hicks failed to exhaust his administrative remedies by timely filing his charge of discrimination with the EEOC as required under Title VII.  42 U.S.C. § 2000e-5(e)(1). In Georgia, a charge "must be filed within 180 days of the last discriminatory act."  *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).  The filing of a charge is effective upon receipt, and the 180-day filing period begins "when the employee receives notice of the adverse employment action."  *Kelly v. Dun & Bradstreet Corp.*, 457 F. App'x  804, 805 (11th Cir. 2011) (per curiam) (citing *Stewart v. Booker T. Washington, Ins.*, 232 F.3d 844, 848 (11th Cir. 2000)).

Here, Hicks filed his EEOC charge on September 10, 2009. Although Hicks had notice of his termination on August 26, 2008, he waited 380 days to file his charge with the EEOC.  His charge is therefore untimely.  The Court rejects any suggestion that the 180-day filing period did not begin to run until the university's internal appeals process had been completed.  *See Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998).  It is also clear that the EEOC's issuance of the right-to-sue letter is of no consequence in determining whether Hicks's claims are time-barred.  *See, e.g., H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010) (per curiam); *Wilkerson*, 270 F.3d at 1316-17, 1321-22; *see also Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1241 (11th Cir. 2004); *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567-68 (11th Cir. 1996).  The EEOC right-to-sue letter even notifies Hicks that its issuance "does not certify that the respondent is in compliance with the statutes [and that n]o finding is made as to any other issues that might be construed as having been raised by this charge."  Defs.' Mot. for Summ. J. App. Ex. 22, EEOC Dismissal & Notice of Rights.  The issuance of the right-to-sue letter does not save Hicks's untimely claim.

The Court also finds that Hicks has failed to present sufficient evidence to demonstrate that he actually filed his "charge" prior to the date of his formal charge of

6

discrimination with the EEOC.   Hicks appears to contend that before he filed his formal charge on September 10, 2009, he filed paperwork with the EEOC within the 180-day period that would satisfy the charge requirements.   To qualify as a valid charge, Title VII requires the document to be verified "in writing under oath or affirmation" and "contain such information and be in such form as the [EEOC] requires."   42 U.S.C. § 2000e-5(b).   The EEOC requires that a charge must at minimum identify the parties and generally describe the action or practices complained of, and the EEOC regulations specifically provide that "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein."   29 C.F.R. § 1601.12(b).

In general, initial paperwork, such as an intake questionnaire, fails to satisfy the two significant functions of a charge: notification to the employer and initiation of the agency's investigation.   Therefore, these preliminary submissions are not generally considered to meet the charge requirements.   *See Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1306 (11th Cir. 2001).   However, a questionnaire that is verified can serve as a charge under certain limited circumstances.   It must at a minimum contain the information required for a charge by the EEOC's regulations and demonstrate that a reasonable person would conclude that the plaintiff

intended to activate the administrative machinery of Title VII. *See Wilkerson*, 270 F.3d at 1319-20 (focusing on three non-exhaustive factors under the manifest-intent approach: communication between the plaintiff and EEOC personnel, misleading language on the form itself indicating that it could be a charge, and the EEOC's ultimate treatment of the form as a charge). *But see Francois v. Miami Dade Cnty., Port of Miami*, 432 F. App'x 819, 822 (11th Cir. 2011) (per curiam) (concluding that a plaintiff's intake questionnaire did not qualify for the narrow exception to the formal charge requirements under the circumstances); *Bost*, 372 F.3d at 1241 (applying *Wilkerson* to an ADEA claim and finding that a plaintiff's intake questionnaire and sworn affidavit did not satisfy the requirements of a timely charge).

Hicks has failed to produce sufficient evidence to demonstrate that he submitted information prior to the filing of his formal charge of discrimination that would be considered a substitute for his untimely-filed charge.  In fact, he does not point to any facts in the record from which one can determine whether an earlier submission satisfies the charge requirements. The evidence when construed in his favor is limited to the following: (1) Hicks called the EEOC at least by the end of his internal appeals process on February 10, 2009 and "had a case number registered with them," Hicks Dep. 138:18-139:3; (2) at

8

some point prior to the formal September 10, 2009 charge, Hicks submitted "three maybe four different forms" to the EEOC because the EEOC had to keep making changes to "get [the] charge corrected," *id.* at 125:8-126:6; and (3) eventually somebody else had to "fill[] out paperwork" for him, *id.*  From these facts, one cannot reasonably infer that such paperwork would constitute a valid charge.

Based on the present record, the Court must conclude that the only valid charge of discrimination was filed on September 10, 2009.  Since that charge was untimely, Hicks failed to exhaust his administrative remedies as required by Title VII.[2]

CONCLUSION

For the reasons explained above, the Board of Regents's Motion for Summary Judgment (ECF No. 23) is granted as to Hicks's federal claims.  Having disposed of all of Hicks's federal law claims, the Court declines to exercise supplemental jurisdiction over his state law claims, and those claims are dismissed without prejudice.

IT IS SO ORDERED, this 14th day of January, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Hicks attempts to assert a discrimination claim under Title VII based on his demotion in November of 2006, Am. Compl. 1-2, ECF No. 11, such a claim is also time-barred for the same reasons.